UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY W VAUGHAN,
 Plaintiff,

vs.            Case No.: 3:25cv45/MW/ZCB

MIKESHIA PURIFOY,
 Defendant.
           /

## **REPORT AND RECOMMENDATION**

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. Currently before the Court is Defendant's motion to dismiss. (Doc. 13). Plaintiff has responded in opposition, and Defendant has replied. (Docs. 17, 20, 27). Because Plaintiff failed to exhaust his administrative remedies before filing this lawsuit, the motion to dismiss should be granted.

### **I.**

Plaintiff is incarcerated in the Florida Department of Corrections (FDOC). His complaint alleges that on February 12, 2024, Defendant Mikeshia Purifoy "stood there holding her O.C. spray in her hand" while another inmate assaulted Plaintiff. (Doc. 1 at 5-6). Plaintiff alleges he suffered multiple stab wounds due to Defendant's failure to intervene

1

and stop the assault. (*Id.* at 6). He brings a failure to intervene claim against Defendant under the Eighth Amendment. (*Id.* at 7). He seeks compensatory and punitive damages. (*Id.*).

Defendant has moved to dismiss, arguing that Plaintiff failed to exhaust his administrative remedies. (Doc. 13). For the reasons below, the Court agrees with Defendant.[1]

## II.

Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), a prisoner must exhaust administrative remedies before bringing an action in federal court. *Porter v. Nussle*, 534 U.S. 516, 520 (2002). To exhaust, a prisoner must complete the administrative process using the prison's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Proper exhaustion requires compliance with the prison's "deadlines and other critical procedural rules." *Geter v. Baldwin State Prison*, 974 F.3d 1348, 1354 (11th Cir. 2020).

---

[1] Because dismissal is warranted for failure to exhaust, it is unnecessary to address Defendant's alternative argument that Plaintiff is a three-striker who is barred from proceeding *in forma pauperis*. (Doc. 13 at 9).

Failure to exhaust is an affirmative defense that defendants may bring in a motion to dismiss. *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015). There is a two-step framework that governs such motions to dismiss. *Turner v. Burnside*, 541 F.3d 1077, 1082-83 (11th Cir. 2008). Under the first step, the Court must "look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true." *Whatley*, 802 F.3d at 1209. If the facts as stated by the prisoner show a failure to exhaust, then the case should be dismissed at step one. *Id.*

Where dismissal is not warranted on the prisoner's view of the facts, it is necessary to proceed to step two. *Id.* There, "the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id.* "To make these specific findings, courts should . . . look outside [of] the pleadings[,]" ensuring the parties have had sufficient opportunity to develop the record.[2] *Jenkins v. Sloan*, 826 F. App'x 833, 838 (11th Cir. 2020). A district court need not hold an evidentiary hearing when none

---

[2] The Court specifically informed Plaintiff that he had the right to develop the record regarding the issue of exhaustion and provided him with the opportunity to do so. (Doc. 24).

3

has been requested and instead may rely on the papers submitted by the parties. *Zavala v. Ward*, No. 21-10989, 2024 WL 510011, at *4 (11th Cir. Feb. 9, 2024).

As a FDOC prisoner, Plaintiff was required to exhaust under the grievance procedure set forth in § 33-103 of the Florida Administrative Code. *Bracero v. Sec'y, Fla. Dep't of Corr.*, 748 F. App'x 200, 202 (11th Cir. 2018). That grievance procedure has three layers: (1) the inmate files an informal grievance within twenty days of the incident; (2) if the grievance is not resolved informally, then the inmate files a formal grievance at the institutional level within fifteen days from the date the informal grievance was responded to; and (3) if the inmate is unhappy with the formal grievance response, then the inmate appeals to the FDOC Secretary/Central Office within fifteen days of the response to the formal grievance. Fla. Admin. Code Ann. r. 33-103.005-007, 011 (2018). If an inmate does not receive a response from the FDOC within certain time limits outlined in the rules, the inmate may proceed to the next step of the grievance process. Fla. Admin. Code Ann. r. 33-103.011(4).

### III.

Defendant has moved to dismiss based on failure to exhaust. Consistent with the discussion above, the Court will first "look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true." *Whatley*, 802 F.3d at 1209. The Court will then determine "if the facts as stated by the prisoner show a failure to exhaust." *Id.*

In the motion to dismiss, Defendant argues that Plaintiff failed to properly complete the FDOC's grievance process regarding the February 12, 2024 incident. Specifically, Defendant argues Plaintiff neither filed a timely informal grievance regarding the February 12, 2024 incident, nor did he file a procedurally-compliant formal grievance or FDOC Secretary/Central Office appeal regarding the incident. In support of that argument, Defendant has provided copies of informal grievances from Blackwater River C.F. and Santa Rosa Correctional Institution Annex (where Plaintiff was transferred on March 5, 2024) and a declaration from Blackwater River C.F.'s grievance coordinator, Rolando Bethea.

Plaintiff, for his part, concedes that he did not follow the FDOC's grievance procedure. He admits he did not file an informal grievance until March 10, 2024, which is after the twenty-day deadline laid out in Fla. Admin. Code Ann. r. 33-103.011(1)(a).[3] (Docs. 17 at 3; 27 at 12). He also admits that all other informal grievances, formal grievances, and appeals regarding the February 12, 2024 incident were returned for non-compliance. (Doc. 17 at 3-4). Because under Plaintiff's version of the facts, he failed to properly exhaust his administrative remedies, dismissal is warranted at step one of the *Turner* analysis.[4] *See Bracero*, 748 F. App'x at 202 (explaining that dismissal is warranted "if the facts

---

[3] In his response, Plaintiff references a grievance filed on February 13, 2024. (Doc. 17 at 3). But Plaintiff never argues that he submitted an informal grievance on February 13, 2024, nor is there any evidence in the record of such grievance being filed.

[4] Alternatively, the Court would have reached the same result had it proceeded to *Turner* step two. Based on the information in the record, the Court would specifically find at *Turner* step two that Plaintiff had not submitted a timely informal grievance regarding the February 12, 2024 incident. This finding is supported by the Blackwater River C.F.'s grievance coordinator's declaration and the records submitted by both Plaintiff and Defendant. Moreover, even if Plaintiff filed a timely informal grievance, he never submitted a procedurally-compliant formal grievance or appeal to the FDOC Secretary/Central Office. The only formal grievances and appeals Plaintiff submitted regarding the February 12, 2024 incident were returned or denied for non-compliance. (Doc. 17 at 3-4, 15-16, 18-19, 21-22). Defendant, therefore, has shown that Plaintiff failed to properly exhaust his administrative remedies.

6

as stated by the prisoner show a failure to exhaust").

## IV.

In an effort to avoid dismissal, Plaintiff argues that his failure to exhaust should be excused because the administrative process was unavailable to him. (Doc. 17 at 7-8). The Supreme Court has recognized that although a prisoner "must exhaust available remedies, [he] need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016). Thus, a prisoner "may defeat the failure-to-exhaust argument by showing that the general remedy was effectively unavailable to him." *Wright v. Georgia Dep't of Corr.*, 820 F. App'x 841, 845 (11th Cir. 2020).

There are three circumstances where an administrative remedy is unavailable: (1) the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) the administrative procedure is "so opaque" that "no ordinary prisoner can discern or navigate it"; and (3) prison officials "thwart inmates" from using the administrative procedure "through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 643-44. These circumstances "will not often arise," *id.* at 643, and the prisoner bears the burden of showing that one of them applies in a

7

particular case. *Wright*, 820 F. App'x at 845.

Here, Plaintiff argues that the first and third circumstances listed above apply. (Doc. 17 at 8). The Court disagrees. Plaintiff has failed to show that the FDOC's grievance procedure operated "as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Ross*, 578 U.S. at 643. Plaintiff states that he was placed on self-harm observation status (SHOS) sixteen days after the February 12, 2024 incident. (Doc. 17 at 2). He argues that the FDOC has a policy that does not allow prisoners access to pen and paper while on SHOS. (*Id.* at 5). This policy, Plaintiff argues, "operate[d] as a Dead End" in his case because his twenty-day time limit to file a grievance expired while he was on SHOS status. (*Id.* at 8).[5] In support of his argument, Plaintiff cites to an FDOC procedure that instructs prison officials to remove the inmate's personal effects so that the inmate cannot use the items to self-injure while on SHOS. But that procedure does not

---

[5] It bears mentioning that only the last four days of the time for Plaintiff to file a grievance about the February 12, 2024 incident was spent on SHOS. Plaintiff had sixteen days before he entered SHOS to file a grievance. He did not do so. Moreover, the record shows that during this sixteen-day time period Plaintiff filed at least one grievance, but it was not about the February 12, 2024 incident. (Docs. 13-1; 13-2).

speak to an inmate's ability to file grievances while on SHOS. (Doc. 27 at 4, 18-19). It merely refers to the property an inmate can retain while in SHOS. And although Plaintiff claims that his requests for pen and paper were denied, Plaintiff does not provide any supporting factual details—such as who he asked, when he asked, or whether it was clear to the prison official(s) that he wanted to use the pen and paper to file a grievance.

Defendant, on the other hand, points to Fla. Admin. Code Ann. r. 33-103.015(2), which provides that grievance forms are available to inmates from "the housing officer of any living unit or confinement unit." (Doc. 20 at 4).[6] And Blackwater River C.F.'s grievance coordinator Rolando Bethea has confirmed in a declaration that inmates routinely file grievances while on SHOS. (Doc. 20-1). The Court, therefore, rejects Plaintiff's argument that being on SHOS status made the administrative grievance procedure unavailable to him.

To the extent Plaintiff argues that the administrative process was

---

[6] *See also Logan v. Hall*, No. 21-13049, 2022 WL 2388430, at *2 (11th Cir. July 1, 2022) (recognizing that "Florida's Administrative Code requires that inmates held in special housing units [like self-harm observation status] are able to file both formal and informal grievances" and citing to Fla. Admin. Code Ann. r. 33-103.005(1)(a), 33-103.006(2)(h)).

9

unavailable because prison officials did not respond to an informal grievance filed on February 13, 2024, his argument fails. Assuming that such an informal grievance was filed,[7] any failure of prison officials to respond to an informal grievance did not prevent Plaintiff from completing the grievance process because the FDOC's procedure permits a prisoner to proceed to the next step if no timely response is received. *See* Fla. Admin. Code Ann. r. 33-103.011(4); *see also Pavao v. Sims*, 679 F. App'x 819, 825 (11th Cir. 2017) (rejecting unavailability argument based on prison officials' alleged failure to timely respond to grievances). Plaintiff, however, did not proceed to the next step of the grievance process.

Plaintiff has also failed to show that prison officials used "machination, misrepresentation, or intimidation" to thwart his ability to complete the grievance process. *Ross*, 578 U.S. at 644. None of the actions Plaintiff says prison officials took rise to the level of machination, misrepresentations, or intimidation that were designed to thwart his ability to complete the grievance process.

---

[7] Plaintiff references an informal grievance filed on February 13, 2024. The FDOC's records do not reflect any informal grievance being filed on that date. (Docs. 13-1, 13-2, 13-3, 13-4).

## V.

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Defendant's motion to dismiss (Doc. 13) be **GRANTED**, and this matter be **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

3. The Clerk of Court be directed to close this case.

At Pensacola, Florida this 8th day of December 2025.

*/s/ Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to the proposed findings and recommendations set forth above must be filed within fourteen days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.